# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10260
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SANTOS PERU,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-245-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Santos Peru was convicted of possession of methamphetamine with intent to distribute, and he received a sentence of 180 months in prison and a three-year term of supervised release. Now, he argues that the district court erred by concluding that a primary purpose of his home was drug storage and by imposing a corresponding adjustment under U.S.S.G. § 2D1.1(b)(12).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10260

"A district court's application of § 2D1.1(b)(12) is a factual finding reviewed for clear error." *United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015). Thus we reject Peru's suggestion that review is de novo. A factual finding is not clearly erroneous when it is plausible in light of the entire record. *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010).

The record shows that Peru stored drugs at his home on several occasions and that these drugs were subsequently distributed. The presentence report is generally sufficiently reliable to be considered as evidence to support fact findings. *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010). Because Peru presented no rebuttal evidence, the district court could properly rely on the facts in the presentence report and adopt them as its own. *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013). The record thus supports the district court's finding that one of the primary reasons Peru maintained the home for was for distributing drugs. The record also shows that this finding was plausible and was not clearly erroneous. *See Ruiz*, 621 F.3d at 396.

AFFIRMED.